May Term, 1838.

SWEETSER
v.
THE STATE.

---

SWEETSER and Others *v.* THE STATE.

A charge of an assault and battery with intent to kill, is only a charge of an assault and battery; the words "with intent to kill" being surplusage.

*Monday,
June 4.*

APPEAL from the *Bartholomew* Circuit Court.

DEWEY, J.—*Scire facias* on a recognisance, conditioned that *John Glans* should appear at the Circuit Court therein named, to answer "the state on a charge of assault and battery with intent to kill, committed by said *Glans* on the body of one *John F. Jones.*" There was a demurrer to the *scire facias* which was overruled: judgment for the state.

The only objection urged against the *scire facias* is, that the condition of the recognisance does not describe an offence known to our laws; and, therefore, that the recognisance is void.

The inference would be correct were the premises true. The words "with intent to kill," certainly do not aggravate the charge, which they were meant to qualify, into a penitentiary offence. To have done that, the intent must have been to "murder." But although these words do not add to, they

do not destroy, the meaning of those which do actually charge a crime—an assault and battery. Legal principles require that they should be rejected as surplusage, rather than suffered to render senseless and void an instrument which is valid without them. This construction is also in the spirit of the statute, which enacts that recognisances shall not be void for want of form. R. C. 1831, p. 197. (R. S. 1838, p. 221.)

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs. To be certified, &c.

*P. Sweetser*, for the appellants.

*W. Quarles*, for the state.